■ SANTA PETTE et al., Respondents, v RITA FOSTER, Doing Business as HIDDEN ECHOES RANCH, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Stark, J.), dated December 12, 1983, which denied her motion to extend her time within which to provide material ordered to be disclosed pursuant to a prior order of the same court (Stark, J.), dated August 24, 1983, (2) from an order of the same court (Stark, J.), dated August 5, 1985, which denied that branch of her motion which was for reargument of prior orders of that court dated August 24, 1983, and December 12, 1983, respectively and (3) from so much of an order of the same court (McCarthy, J.), dated August 1, 1985, as denied that branch of the defendant's motion which was to strike the case from the Trial Calendar and allow the defendant to conduct physical examinations of the plaintiff Santa Pette.

Appeal from the order dated August 5, 1985 dismissed. No appeal lies from an order denying reargument.

Order dated December 12, 1983 affirmed, and order dated August 1, 1985 affirmed, insofar as appealed from.

The plaintiffs are awarded one bill of costs.

The action arose when the plaintiff Santa Pette fell from the horse she was riding. She claims that a rein was defective in that it broke when she pulled on it to slow the horse. The manner of the happening of the accident is disputed by the defendant. Based on the statements of her former employee, Louise Shaw, who was the riding guide at the time of the occurrence, the defendant contends that the accident happened when the plaintiff Santa Pette, an experienced rider, "flung loose" a rein and the horse stepped on it. In addition, the defendant raised the defense of "general release". The defendant contends that when the plaintiffs arrived at the ranch, they were asked to sign the register which, according to the defendant, constituted a general release.

Although the defendant was examined before trial on April 21, 1983, she had not witnessed the accident and relied on what Louise Shaw had told her as to how the accident happened. At the examination before trial, the defendant said she would furnish the following data: (1) the general release (the "register"); (2) Louise Shaw's address; and (3) the names and addresses of the persons who were present when Louise Shaw described how the accident happened.

On May 9, 1983, the plaintiff's attorney served a notice requesting the witnesses' names. On May 18, 1983, the plaintiffs' attorney mailed transcripts of the examination before trial to the defendant's counsel. On June 23, 1983, the plaintiffs moved to preclude the defendant from giving any evidence as to the alleged "release", the current address of the former employee Louise Shaw, the names and addresses of persons who could furnish information as to the current whereabouts of Ms. Shaw and the names and addresses of persons to whom Ms. Shaw spoke about the accident.

By order dated August 24, 1983, Justice Stark issued a conditional preclusion order directing that the defendant be precluded from introducing, upon the trial of this action, (1) any release; (2) testimony of Louise Shaw; and (3) testimony of fellow employees of the defendant to whom Louise Shaw described the accident, unless the defendant produced the following data and information within 30 days after service upon her of a copy of the order with notice of entry: (1) the release in question or a copy; (2) the last address at which she located Ms. Shaw; and (3) the name and address of the fellow employees with whom Ms. Shaw spoke concerning the accident.

The order was served on defendant's counsel on September

29, 1983. Nevertheless, none of this data or information was produced by the defendant.

On November 4, 1983, the plaintiffs noticed this case for trial. By order to show cause dated November 15, 1983, the defendant moved to extend her time to comply with the August 24, 1983 preclusion order. By order dated December 12, 1983, Justice Stark denied this motion, stating:

"Motion by defendant to extend her time within which to provide the material ordered to be discovered by order dated August 24, 1983, is denied.

"The grounds for the motion are alleged law office failure and neglect which defendant's counsel seeks to have excused. Counsel's affidavits do not state the exact failure or neglect, what he may have had physically in his possession and misplaced or any other specific factual basis for the motion.

"Of even greater import to the ultimate resolution of the issue of any further discovery in this action, there is no affidavit made by the defendant on knowledge as to exactly what she does or does not have in the way of discoverable evidence. If, as counsel contends, defendant has 'a statement from a witness now residing in the State of Florida', why, at the very least, wasn't the statement submitted with this motion.

"This action is now on the trial calendar. Discovery is complete. The order of preclusion contained in the order of August 24, 1983, is final, the defendant having failed to cure her default in discovery".

On June 12, 1985, the defendant's newly retained counsel served a copy of a statement from the witness Louise Shaw, which statement was taken on May 3, 1983, but never previously furnished to the plaintiffs. Also enclosed was a later and far more detailed statement from Ms. Shaw dated March 28, 1985. The defendant's counsel also furnished certain other information, all of this almost two years after the August 24, 1983 preclusion order.

By order to show cause dated July 11, 1985, the defendant moved for reargument of the prior orders of August 24, 1983 and December 12, 1983, to strike this case from the calendar, and for physical examinations of the plaintiff Santa Pette.

By order dated August 1, 1985, Justice McCarthy denied the branch of the defendant's motion which was to strike the case from the Trial Calendar and for physical examinations and referred that portion of the motion which was for reargument of the prior orders to Justice Stark. By order dated August 5,

1985, Justice Stark denied reargument as untimely and also noted that the affidavit of merits of Louise Shaw dated March 28, 1985, was insufficient.

The record establishes inexcusable delay by the defendant's prior attorneys, insufficient timely evidence of substantive merit to her defense and prejudicial conduct by the defense attorneys. They improperly withheld from the plaintiffs a crucial May 3, 1983 statement from Louise Shaw until June 12, 1985, by which time the defense had obtained a far more detailed statement from Shaw dated March 28, 1985. Also, they failed to advise the plaintiffs of Shaw's last-known address, a key item in the August 24, 1983 conditional preclusion order. Similarly, while pleading a defense of general release, the defendant claimed that she no longer had the release but—on July 10, 1985—finally furnished the plaintiffs not with the release but merely with an authorization purporting to permit the plaintiffs to obtain said release from a defunct insurance company or an agent thereof.

Finally, we find that the defendant's application in July 1985, for leave to conduct physical examinations of plaintiff Santa Pette, made approximately 19 months after the plaintiffs had noticed the case for trial and more than two years after the plaintiff Santa Pette, in May 1983, had consented to the examinations, was properly denied.

Therefore, we conclude that there was no abuse of discretion by Special Term. Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.